IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN  DIVISION

THEODORE S. LUCERO and WALTER   )
BARTH HINES,                    )
                                )
      Plaintiffs,                )
                                )
vs.                             )      2:05-CV-00275-B
                                )      WO
SOUTHERN MICRO SYSTEMS, INC.,   )
                                )
      Defendant.                 )

## ORDER ON MOTION

After due consideration of Defendant's Rule 12(b)6 *Motion to Dismiss or, in the Alternative,
a* Rule 12(e) *Motion for a More Definite Statement* (Doc.14, May 13, 2005), and Plaintiffs'
*Response* in opposition (Doc. 15, May 13, 2005), the court concludes, as herein explained, that the
alternative motion is due to be denied.

### I.

In this action to recover unpaid overtime compensation under the Fair Labor Standards Act
(FLSA –  initially filed for a single plaintiff,  Theodore S. Lucero –  the first amended complaint
adds Walter Barth Hines as a plaintiff and claims that their former employer, Defendant Southern
Micro Systems, Inc. (Defendant) wrongfully failed to compensate them  for hourly work exceeding
40 hours weekly between February 18, 2002, and February 28, 2005.  In reliance on uncertified
attachments of employment records, Defendants' alternative motion maintains that both plaintiff
were "paid a flat salaried rate [and] never required... to work over forty hours per week."

Plaintiffs urge the court to strike Defendants' Motion because it references matters outside

the pleading; alternatively, Plaintiffs urge treatment of the Rule 12(b)(6) Motion as one for Partial Summary Judgment.  With respect to Defendants' Rule 12(e) Motion, Plaintiffs note Defendant's failure to specify the insufficiency of the complaint.

## II.

The complaint is clearly not due to be stricken for failure to state a claim for which relief can be granted.  Because the attachments submitted as support for Defendant's Motion lack the prerequisites for evidentiary value, they cannot be considered on a summary judgment motion.  The alternative motion to strike does not "point out the defects complained of and the details desired", as required by Rule 12(e), Federal rules of Civil Procedure.  Moreover, the court does not find the complaint "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."

## III.

Accordingly, it is **ORDERED** that:

1.  *Defendant's  Motion to Dismiss or, in the Alternative, a* Rule 12(e) *Motion for a More Definite Statement* (Doc.14, May 13, 2005) is DENIED.

2.  *Plaintiffs' Motion to Strike* Defendants' alternative motion, asserted in their Response in (Doc. 15) is DENIED AS MOOT.

3.  Defendant is DIRECTED to answer or otherwise respond to the First Amended Complaint not later than June 13, 2005.

DONE this 27th day of May, 2005.

/s/ Delores R. Boyd
DELORES R. BOYD
United States Magistrate Judge