IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THEODORE S. LUCERO, and )
WALTER BARTH HINES, )
)
    Plaintiffs, )
) 2:05-CV-275-B
v. ) [WO]
)
SOUTHERN MICRO SYSTEMS, INC., )
)
    Defendant. )

**MEMORANDUM OPINION *AND*
ORDER ON MOTION FOR SUMMARY JUDGMENT**

In this action under the Fair Labor Standards Act, 29 U.S.C. §201,et seq.("FLSA"), Plaintiffs Theodore S. Lucero ("Lucero") and Walter Barth Hines ("Hines") claim that their former employer, Defendant Southern Micro Systems, Inc. ("Southern") wrongfully failed to compensate them for overtime work. After due consideration of the briefs, evidentiary record, and the applicable law, the court concludes that only Plaintiff Lucero's FLSA claim survives the Defendant's *Motion for Summary Judgment* (Doc. 28, Dec. 30, 2005).

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(c). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of "the pleadings and evidentiary record" which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing the non-moving party has failed to present sufficient evidence to establish an essential element of the non-moving party's claim. *Celotex* at 331. As the Supreme Court instructed in *Celotex,* 477 U. S. at 323, "the plain language of Rule 56(c) mandates the entry of summary judgment . . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." In response to a properly supported motion for summary judgment, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits, or as otherwise provided ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

The court's role is neither to weigh the evidence nor to find the facts; instead, it is "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250 (1986). Substantive law will identify those facts which are material on motions for summary judgment. *Id.* at 258.

The court must accept the evidence of the non-moving party as true, resolve all doubts against the moving party, construe all evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in the non-moving party's favor. *Hunt v. Cromartie,* 526 U.S. 541, 550-55 (1999); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If more than one reasonable inference can be drawn, and that inference creates a genuine issue of material fact, summary judgment is not warranted because the trier of fact is entitled to decide which

inference to believe. *Hunt v. Cromartie,* 526 U.S. at 552; *Patterson & Wilder Const. Co., Inc. v. U.S.,* 226 F.3d 1269, 1273 (11th Cir. 2000).

## II.  DISCUSSION

Lucero and Hines seek FLSA remedies for Southern's alleged " failure to pay one and one-half time their regular hourly rate for all hours worked in excess of forty hours per week." They "were paid a fixed rate for all hours worked per work week . . . sometimes referred to as straight pay [but] claim they were not paid for any hours worked over forty hours per week."[1]  Southern grounds its summary judgment motion on contentions that neither Plaintiff "was required to work in excess of forty hours per week" and "[n]o employment records indicate that [they] have ever worked in excess of forty hours in any given week."[2]

### A.  Plaintiff Hines

Hines does not controvert Southern's evidentiary submission regarding his work history and, indeed, presents neither an affidavit nor any other evidence in opposition to summary judgment. Plaintiffs' initial disclosures pursuant to Rule 26(a)(1), Fed.R.Civ.P., did not include any records relating to Hines' claim for overtime compensation.[3] According to Southern's president, Allen L. Cox, Sr. ("Cox"), Hines worked "for a short period of time in 2003" but never worked "in excess

---

[1] Plaintiffs' Brief in Opposition ("Pls.' Br.") at 1.

[2] Def.'s Motion for Summary Judgment and Supporting Brief ("Def.'s Br.") at 1.

[3] Rule 26(a)(1) (B) requires parties to disclose, without awaiting a discovery request,"a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to supports its claims. . ."

of forty hours." [4] Southern argues that Hines "does not qualify for any overtime-exempt position as he was employed on a probationary status and did not remain employed through this ninety-day period;" moreover, the company demonstrates that any valid claim by Hines would be time-barred:

> Plaintiff Hines was employed by Southern Micro Systems, Inc. from February 2003 until April 8, 2003. Plaintiff Hines was added to this lawsuit by an amended complaint that was submitted to this Court on April 13, 2005. No evidence has been submitted that Southern Micro Systems, Inc., knowingly, willfully and/or in reckless disregard for FLSA or in lack of good faith failed to pay Plaintiffs overtime compensation. Therefore, Plaintiff Hines failed to file his claim timely, within the two-year statute of limitations, and summary judgment is due to be granted in favor of the Defendant. [5]

In responding to Southern's summary judgment arguments, Plaintiffs include in their twelve-page brief only a single reference to Hines by name – "Plaintiff Hines terminated his employment sometime in 2004"[6] – and otherwise refer simply to "plaintiffs" in discussing their job responsibilities, time worked, and compensation, all based on an affidavit from Lucero. Neither Lucero's affidavit nor any other evidence seeks or serves to establish an essential element of Hines' claim, that he in fact worked in excess of 40 hours weekly.[7] Southern's evidence to the contrary having not been

---

[4] *Def.'s Ex.*1, Affidavit of Allen Cox ("Cox Aff."). Cox attached and certified a "check history report" for wages paid to Hines on March 3, for 112 hours, and on March 31, 2003, for 173.33 hours. Not clarified is whether this report reflects the entirety of Hines' employment.

[5] *Def.'s Br.* at 10-12.

[6] *Pl.'s Br.* At 3.

[7] While Lucero's affidavit states that he "observed others working overtime", this is clearly insufficient to substantiate the FLSA claim asserted by Hines. As the non-movant on this summary judgment motion, Hines cannot merely rest on his pleadings, but instead is required to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. *See, e.g., Rink v. Cheminova, Inc.,* 400 F.3d 1286, 1294 (11th Cir. 2005) ("Summary judgment must be granted if the nonmoving party has failed to make a sufficient showing on an
(continued...)

challenged at all,

no dispute exists on this material fact, and accordingly, Southern's request for summary judgment is warranted. Even if the evidentiary record supported a different conclusion, Hines would be barred from pursuing his claim by the statute of limitations as he has not shown any error in Southern's reliance on this defense.

### B.  Plaintiff Lucero

Lucero worked for Southern as a technician from February 2002 until February 2005. However the parties characterize his compensation, it is undisputed that Southern paid him in excess of $455.00 per week, that he "[was ]paid for a forty-hour week regardless of the fact their actual working time was less than forty hours per work,"[8] and that he did not receive any overtime compensation. It is essentially undisputed that Lucero's work required him to perform computer and printer services at Southern's facility as well as on site at clients' businesses, in which case he documented his time, mileage, and a description of the work performed.

Southern denies being aware of any hours Lucero worked weekly in excess of 40 hours and submits that he has not produced, and cannot produce, substantial evidence in support of his claim for overtime work. Moreover, Southern claims an FLSA exemption from overtime compensation for employees in Lucero's job position. After framing the analytical context for these claims, the court discusses its conclusion that material issues of fact underlying each claim prevent the requested summary judgment.

---

[7](...continued)
essential element of her case with respect to which she has the burden of proof.").

[8]Cox Aff. ¶¶11-12.

### 1. FLSA "overtime" claims:   Analytical Framework

The FLSA generally requires employers to pay overtime compensation for hours worked in excess of forty hours per week, and non-compliant employers are liable to the affected employee in the amount of the unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs. *See Pickett v. Dekalb County*, 349 F. 3d 1294, 1296 (11th Cir. 2003), *citing* 29 U.S.C. §216(b).  An aggrieved employee bears the burden of proof on an overtime compensation claim, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), and states a prima facie case if he shows that "he has in fact performed work for which he was not properly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687; *see also Donovan v. The New Floridian Hotel, Inc.*, 676 F. 2d 468 (11th Cir. 1982).

The FLSA exempts from overtime pay employees working in, *inter alia*, "a bona fide executive, administrative, or professional capacity,"  29 U.S.C. §213(a)(1), or as a computer professional.  29 U.S.C. §213(a)(17).  Because Congress enacted the FLSA as a remedial act, its exemptions must be narrowly construed against the employer.  *See Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388 (1960); *Hogan v. Allstate Ins. Co.*, 361 F. 3d 621 (11th Cir. 2004).  The employer carries the burden of proving the exemption.  *Hogan*, 361 F. 3d at 624.

### 2. Lucero's overtime work

As proof that Lucero never worked in excess of forty hours per week, Southern submits its President's affidavit denying his unawareness of any such overtime along with certified copies of Lucero's check history reports and a certified "compilation of the service worksheets" turned in by Lucero from January 13, 2002 through March 5,2005 evidencing  the absence of any overtime

hours.[9]  By affidavit, Lucero disputes the accuracy of Southern's records, describing them as "only statements of billable hours [ which] reflect the hours various customers should be billed for work and labor done [and] do not reflect the actual hours worked by technicians."   Southern's check history reports are similarly deficient, Lucero claims,  because "they do not reflect the time correctly and are subject to manipulation by Mrs. Cox who on many occasions would alter dates or change information on reports or checks to ensure that the amounts, times and other information coincided with the required information for a given period of time."[10]   Southern's  admission of inaccurate pay stubs bolsters Lucero's contention. [11]

Lucero's sworn testimony also documents overtime work on many occasions not only "in-house" but also when traveling between locations, traveling or working through his lunch hour or working to complete calls at customers' places of business. [12]  With respect to his employer's asserted ignorance of his overtime work, Lucero relates his conversation with Mr. Cox in 2003 regarding the

---

[9]*Def.'s Ex.* 1D, Summary of Actual Time Worked for Plaintiff Lucero.  In his affidavit, Cox explains  that "this summary was compiled from the actual worksheets completed by the employee and turned in to the corporation from the work completed for a customer" and references examples of the worksheets which were submitted as Def.'s Ex. E. (Cox. Aff. ¶¶12-13).

[10]*Pl.'s Ex.* A, Affidavit of Theodore Lucero  ¶4 ("Lucero Aff.").

[11] *Def.'s Ex.* 7. "Familiar with the computer program that generates checks for the payment of salary for [Southern's] employees", Renee. Cox explained that "the computer program has generated checks without the appropriate 'paid through' date on some given months." Affidavit *of Renee Cox*.¶¶ 4-5.

[12]Lucero Aff. ¶3.  Lucero attaches to his affidavit a self-prepared report which outlines for each customer the amount of overtime hours performed and the amount of travel time.  He claims a total of approximately 261.75 overtime hours, consisting of approximately 75.75 overtime hours in 2002, approximately 91.5 overtime hours in 2003 and approximately 94.5 hours in 2004.

possibility of overtime compensation.[13] In sum, Lucero has demonstrated sufficiently the need for a trial to resolve conflicting evidence on whether, and to what extent, Lucero performed work in excess of forty hours weekly, and whether Southern had knowledge of the overtime. Consequently, summary judgment is inappropriate.[14]

### 3. *Lucero's status as an exempt employee*

---

[13] Lucero testified, in relevant part:

> Mr. Cox made it clear on several occasions that he wanted all technicians to work at a job site until the job was completed regardless of overtime.
>
> In 2003, Mr. Cox went so far as to try and tell us that he was not going to pay us unless we had an actual billable call, this also excluded maintenance customers who paid monthly for services and parts. I told him at that time I would take him to the labor board, unless he was going to hire me as a contractor and allow me to solicit business. He refused saying that things would stay the same.

(Lucero Aff. ¶¶8-9). Southern's response maintains:

> Mr. Lucero did not express at anytime he had worked overtime until he quit his employment with Southern Micro Systems, Inc. and threatened Mr. Cox with a demand for money or Plaintiff Lucero would make Mr. Cox's life miserable by filing a lawsuit against his company, Southern Micro Systems, Inc., the Defendant.

(Def.'s Reply Br. at 5).

[14]*See e.g., Posada v. James Cello, Inc.*, 135 Fed. Appx. 250, 252 (11th Cir. 2005)(district court erred in granting summary judgment in favor of employer by finding employer's records accurate though employee's testimony of overtime work created factual issue ); *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313 (S.D. Fla. 2001)(genuine issue of material fact existed where plaintiff provided deposition testimony in support of claim he worked in excess of forty hours per week for which he was not compensated); *Gale v. Levi Strauss & Co.*, No. 1:97-CV-3636-TWT, 1999 U.S. Dist. LEXIS 9387 (N.D. Ga. Apr. 26, 1999)(genuine issues of material fact exist where Plaintiff testified that she worked 65 hours per week despite being scheduled and compensated for 40 hours per week and employer submitted affidavit that although Plaintiff took work home or stayed late, her absences from work prevented her from working in excess of her scheduled hours).

It is undisputed that Lucero satisfies the salary requirements for either the *bona fide professional* or the *computer employee* exemption.[15] The evidentiary record presents genuine issues of material fact, however, on whether his job duties fall within either exemption.

In reliance on Lucero's unverified resume of his training and work experience, Southern characterizes him as a bona fide professional because he "performed as primary, work requiring knowledge of an advanced type in a field of science or learning customarily required by a prolonged course of specialized instruction or study." Referencing the affidavit of its President, Southern contends that Lucero exercised discretion and judgment in his job, and "diagnose[d] problems and effectuate[d] repairs of computers systems, printers, etc." No case law or other authority is cited for Southern's conclusion that a "professional may be exempt solely by virtue of performing diagnostic work".[16]

In a similarly conclusory fashion, Southern quotes the relevant statutory provision for the computer professional exemption and concludes that "Lucero's duties included a combination of the duties listed . . ."[17] Though Southern references an Exhibit D as illustrative of Lucero's duties, it was not included in its evidentiary submissions. Lucero's affidavit testimony regarding his precise duties[18]

---

[15] *See* Cox Aff. ¶11; Def's Br. at 8; Pl.'s Br. at 9.

[16] *Def.'s Br.* at 8.

[17] *Def.'s Br.* at 9.

[18] In relevant part, Lucero maintains:

> Most work was performed at the customer's place of business. While not on the road working at customer's businesses, we worked in-house performing installation and repair jobs.

(continued...)

is unchallenged and thus creates a triable issue of fact regarding the application of the FLSA exemptions on which Southern relies.

### III.  CONCLUSION

Consistent with the findings and conclusions in this *Memorandum Opinion*, it is **ORDERED** that the Defendant's *Motion for Summary Judgment* (Doc. 28, Dec. 30, 2005) is GRANTED with respect to all claims asserted by Plaintiff Walter Barth Hines but DENIED with respect to claims asserted by Plaintiff Theodore Lucero.  **A  Partial Summary Judgment is entered herewith.**

Done this  8th day of March, 2006.

           **/s/ Delores R. Boyd**
           DELORES R. BOYD
           UNITED STATES MAGISTRATE JUDGE

---

[18](...continued)
> I was never given any discretionary authority over the jobs assigned to me. Once on the job I had no subordinate employees working for me.  I never performed any task other than technical repair, maintenance and/or assembly.
>
> From my knowledge and experience, I can testify that all technicians at Southern Micro Systems, Inc. repaired and maintained hardware.  We performed general maintenance, hardware replacement and hardware installation.  We generally worked on personal computers and printers.  We used standard hand tools like screwdrivers, pliers and small wrenches.

(Lucero Aff. ¶¶ 3, 6-7).